**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4523**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

RAMIRO ALVAREZ-RUBIO, a/k/a Juan Alvarez Castro, a/k/a
Roberto Lainez, a/k/a Leonardo Fabio Alvarez-Santos,

                Defendant – Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Thomas D. Schroeder,
District Judge.  (1:08-cr-00370-TDS-1)

Submitted:  June 16, 2010           Decided:  July 6, 2010

Before MOTZ, KING, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Todd A. Smith, LAW OFFICE OF TODD A. SMITH, Graham, North
Carolina, for Appellant.   Angela Hewlett Miller, Assistant
United States Attorney, Greensboro, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ramiro Alvarez-Rubio appeals his sentence to sixty-four months in prison and three years of supervised release imposed after he pled guilty to illegal reentry of a deported alien after having been convicted of an aggravated felony in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). Alvarez-Rubio's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but raising the issue of whether the district court erred in imposing a sentence of sixty-four months of imprisonment as punishment in this case. Alvarez-Rubio was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

We review a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. On appeal, we presume that a sentence

within a properly calculated guideline range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

We have reviewed the record and conclude that the district court did not err or abuse its discretion in sentencing Alvarez-Rubio, and his sentence at the middle of his advisory guideline range is procedurally and substantively reasonable. The district court properly determined his guideline range was fifty-seven to seventy-one months in prison based on a total offense level of twenty-one and criminal history category of IV. At sentencing, Alvarez-Rubio noted he came from a poor country to the United States to succeed and help his family, and he requested a sentence at the lower end of the guideline range.

The district court confirmed Alvarez-Rubio had been deported twice and had illegally returned both times, and he had not served long sentences for his two prior aggravated felony convictions. In sentencing him to the middle of his guideline range, the court noted it had taken into account the financial condition and personal situation that brought him to this country, but the court also considered the need for the sentence to deter further criminal conduct and promote respect for the law. Since Alvarez-Rubio illegally returned to the United States within five months of being deported a second time, it was apparent that his prior prison sentences were insufficient

3

for purposes of deterrence. Thus, the court properly concluded a sixty-four month sentence was reasonable in this case.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>